UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |
|---|---|
| **HASHIM JALMIRAN** <br> 1400 Village Square Blvd #3-81580 <br> Tallahassee, FL  32312 <br><br>                 Plaintiff <br><br> v. <br><br> **ALUTIIQ COMMERCIAL ENTERPRISES, LLC** <br> 737 Volvo Parkway, Suite 150 <br> Chesapeake, VA  23320 <br><br>    Serve:   Corporation Service Company <br>                  100 Shockoe Slip Fl 2 <br>                  Richmond, VA 23219-4100 <br><br>                 Defendant | Case No.: <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Hashim Jalmiran, by and through his attorneys, Alan Lescht & Associates, P.C., hereby complains and alleges against Defendant Alutiiq Commercial Enterprises, LLC (ACE) as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action to recover damages for unlawful discrimination in violation of Title VII of the Civil Rights Act ("Title VII").

2. Plaintiff was employed by ACE as a contractor supporting the State Department in Baghdad, Iraq.  Plaintiff alleges that ACE terminated his employment based on his religion, Muslim, and in retaliation for filing an EEO complaint against the State Department.

1

## VENUE AND JURISDICTION

3. This Court has federal question jurisdiction and venue is proper because the unlawful employment practice was committed in this judicial district, the employment records relevant to the unlawful employment practice are maintained and administered in this judicial district, and ACE has business operations in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On September 15, 2021, Plaintiff submitted his charge of discrimination against ACE to the EEOC.

5. On January 14, 2022, the EEOC issued a Notice of Right to Sue letter.

6. This lawsuit is being filed within 90 days of receipt of the Notice of Right to Sue letter.

## THE PARTIES

7. Plaintiff currently resides in Tallahassee, Florida.

8. According to its website, ACE is a subsidiary of Alutiiq, LLC, which in turn is a subsidiary of Afognak Native Corporation, an Alaska Native Corporation (ANC) formed under the 1971 Alaska Native Claims Settlement Act.

9. Because ACE is an indirect subsidiary of Afognak Native Corporation, as opposed to a direct subsidiary, it is not exempt from Title VII's definition of employer under 43 U.S.C. §1626(g). *Fox v. Portico Reality Services Off.*, 739 F. Supp. 2d 912 (E.D. Va. 2010); *Herndon v. Alutiiq Educ. & Training, LLC*, No. 2:16CV72, 2016 WL 9450428 (E.D. Va. August 15, 2016).

10. ACE maintains an office in Chesapeake, Virginia. Allen Rogers, ACE's Corporate Program Manager and Sherri Richardson, ACE's HR Supervisor, both worked at the Chesapeake, Virginia office and the employment decision at issue was made there. In addition, Plaintiff's employment records were kept at the Chesapeake, Virginia office.

## STATEMENT OF FACTS

### *Background*

11. From February 26, 2019 to June 27, 2021, Plaintiff worked for ACE as a contractor supporting the State Department in Baghdad, Iraq.

12. Plaintiff was a Program Manager (PM) of the Sully Compound (a transient billeting facility) at the U.S. Embassy's Diplomatic Support Center in Baghdad (BDSC) adjacent to the Baghdad National Airport (BIAP).

### *Plaintiff filed an EEO Complaint against the State Department.*

13. At all times, Plaintiff was an outstanding employee and worked hard to fulfill ACE's contract with the State Department.

14. However, there were certain State Department employees who were opposed to ACE's decision to hire Plaintiff for the Program Manager job based solely on his national origin (Iraq).

15. These State Department employees tried to prevent ACE from hiring Plaintiff and failing that, tried to orchestrate his removal.  They enlisted another ACE employee to undermine Plaintiff's authority.  They attacked Plaintiff's character and falsely accused him of harassing and bullying the ACE employees who reported to him.  They told the former ACE Corporate Program Manager, Robert Hall, to terminate Plaintiff's employment.

16. On or about May 17, 2019, Plaintiff contacted the State Department's EEO office regarding his complaint of discrimination and hostile work environment.  He filed a formal EEO complaint against the State Department on July 16, 2019.  The complaint was investigated from August 5, 2019 to August 5, 2020.  His case was assigned to an Administrative Judge on or about April 14, 2021.

17. ACE was aware of Plaintiff's EEO complaint because in May of 2019, Plaintiff told Ms.

3

Richardson about his EEO complaint against the State Department. In addition, Mr. Hall provided testimony to the EEO investigator.

### *ACE terminated Plaintiff's employment.*

18. On or about June 2019, Mr. Hall left ACE and ACE replaced him with Mr. Rogers.

19. On or about December 17, 2020, Plaintiff received a written warning from ACE. The written warning was based on false information provided to ACE by State Department officials who were trying to orchestrate Plaintiff's removal. To Plaintiff's knowledge, ACE never investigated the State Department's false claims.

20. On or about June 16, 2021, while Plaintiff was litigating his EEO case against the State Department, Mr. Rogers and Ms. Richardson called Plaintiff and asked him numerous inappropriate questions regarding his use of a prayer mat in one of the TDY rooms at Sully Compound.

21. Mr. Rogers started the conversation by demanding to know if Plaintiff had a prayer mat in the TDY room. He told Plaintiff that there was a concern about his prayer mat brought to him by Contracting Officer, Melissa Tyson (a State Department employee). He said they received a report about a prayer mat in one of the TDY rooms at Sully Compound. Mr. Rogers asked Plaintiff whether it was his.

22. Next Mr. Rogers demanded to know what Plaintiff used the prayer mat for. Plaintiff told him he used it to pray, five minutes at a time.

23. Mr. Rogers asked Plaintiff whether there was any other place he could pray. Plaintiff said the only other semi-secluded place on the compound would be Red's bar. Astonishingly, Mr. Rogers suggested that Plaintiff pray at the bar. Plaintiff explained that he could not pray in a bar where they play poker and drink liquor.

24. General Services Office officer Rebecca Jones-Anderson allowed all ten Sully Compound employees to use the unoccupied temporary duty travel (TDY) rooms at Sully Compound during breaks.  Therefore, Plaintiff should have been permitted to pray in the TDY room

25. The prayer ritual lasts five minutes and is performed three to four times per day.  There was no other appropriate location for Plaintiff to pray except for his personal living quarters which were 15 to 20 minutes away from the Compound and therefore too far away for a short break.

26. Mr. Rogers had previously made it a point to tell Plaintiff that he goes to church every Sunday.

27. On Sunday, June 27, 2021, Mr. Rogers called Plaintiff and told him that his employment was terminated and that he had a flight out of Baghdad, Iraq in an hour.

28. ACE had purchased Plaintiff's return ticket on June 24, 2021; yet Mr. Rogers waited until an hour before Plaintiff had to depart to advise him of the termination.

29. When Plaintiff asked why he was being terminated, Mr. Rogers summarily told him that the Contracting Officer's Representative, William Joe Childers, a State Department employee, had "lost confidence" in Plaintiff's ability to manage the team.  He provided no further detail or information.  This reason was false and pretext for discrimination and retaliation.

30. Mr. Rogers told Plaintiff he would be escorted out by the Regional Security Officer as if he was a criminal.

31. Fortunately, the Acting Director of the Baghdad Diplomatic Support Center learned that this was going to happen and volunteered to escort Plaintiff himself.

32. ACE also disputed Plaintiff's request for unemployment.

33. None of the employees that he was managing as of June 2021 had any issues with Plaintiff's performance as Program Manager.

## COUNT 1
### (Religious Discrimination in violation of Title VII – 42 U.S.C. §§ 2000e *et seq.*)

34. Plaintiff repeats and realleges the allegations set forth above.

35. Title VII prohibits employers, including ACE, from making employment decisions because of an employee's religion.

36. By and through its conduct, ACE violated Title VII when it terminated Plaintiff's employment because of his religion.

37. ACE's actions were intentional, reckless, and taken with malice.

38. As a direct and proximate result of ACE's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered significant damages, including but not limited to, pain and suffering, emotional distress, lost wages and punitive damages.

## COUNT 2
### (Retaliation in violation of Title VII)

39. Plaintiff repeats and realleges the allegations set forth herein.

40. By and through its conduct, ACE discriminated against Plaintiff in retaliation for engaging in protected activities in violation of Title VII.

41. As a result of ACE's unlawful actions, Plaintiff has suffered significant damages, including but not limited to, pain and suffering, emotional distress, lost wages and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all Counts contained in the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant on all Counts and award Plaintiff the following:

1. reinstatement;

2. lost wages and benefits and front pay in the amount of $1.5 Million;

3. compensatory damages for pain and suffering, mental anguish, and emotional distress in the amount of $300,000, or any such other amount as is determined by a jury;

4. pre- and post-judgment interest on the amount of any award;

5. attorney's fees and litigation costs;

6. such other relief as the Court deems fair and just.


Date:  April 7, 2022

Respectfully submitted,

Alan Lescht and Associates, P.C.

By:  /s/Ellen Renaud
Ellen Renaud (Bar No. 47326)
Susan L. Kruger (Bar No. 25363)
1825 K Street, NW, Suite 750
Washington, DC 20006
Tel:  (202) 463-6036
Fax:  (202) 463-6067
ellen.renaud@leschtlaw.com
susan.kruger@leschtlaw.com

*Counsel for Plaintiff*